IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYNOSO,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 10-00098 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

In this action, Plaintiff Jose Reynoso ("Plaintiff" or "Reynoso") seeks to recover a refund for tax overpayments relating to the 1999 and 2000 income tax years and the unapplied portion of a cash bond.  ECF No. 1 ("Compl.") ¶ 1.  According to Plaintiff, he is entitled to a refund of $75,852 for the 1999 tax year and $357,118 for the 2000 tax year, and $179,227 of his cash bond remains unapplied.  Id. ¶¶ 8, 10, 23.

Now before the Court are two motions for summary judgment. Plaintiff moves for judgment in his favor and against the United States in the amount of $612,917, plus applicable interest.  ECF No. 13 ("Pl.'s Mot."); 14 ("Mem. of P. & A. in Support of Pl.'s Mot.) at 9.  This motion is fully briefed.  ECF No. 19 ("Def.'s Opp'n"); 23 ("Pl.'s Reply").

1   Defendant United States of America ("Defendant" or "the United
2   States") moves for entry of a judgment reducing Plaintiff's refund
3   by $117,527. ECF No. 10 ("Def.'s Mot."); 11 ("Mem. in Supp. of
4   Def.'s Mot."). This motion is fully briefed. ECF No. 20 ("Pl.'s
5   Opp'n); 22 ("Def.'s Reply"). For the following reasons,
6   Plaintiff's motion for summary judgment is DENIED and Defendant's
7   motion for summary judgment is GRANTED.

**II.  BACKGROUND**

Plaintiff is a chiropractor. Reynoso Decl. ¶ 2.[1] He was charged with and pled guilty to three misdemeanor counts for failing to file tax returns for 1999, 2000, and 2001. Id. ¶ 3. While Plaintiff did not file returns for these years, he did make tax payments during these years. Id. Plaintiff made contemporaneous tax payments of $245,000 for 1999, $200,000 for 2000, and $200,000 for 2001. Stamm Decl. Exs. 1 ("Form 4340 for 1999"), 2 ("Form 4340 for 2000"), 3 ("Form 4340 for 2001").[2]

As a result of the criminal proceeding, the Internal Revenue Service ("IRS") held $585,329.48 as a cash bond to offset Plaintiff's anticipated tax liability for 1999, 2000, and 2001. See Reynoso Decl. ¶ 4; Stamm Decl. Ex. 4 ("May 10, 2005 Letter"). On December 13, 2005, $75,852 was paid toward Plaintiff's 1999 taxes, $278,338 was paid towards his 2000 taxes,[3] and $51,913 was

---

[1] Reynoso filed a declaration in support of his Motion. ECF No. 15.

[2] Blake D. Stamm ("Stamm"), an assistant United States Attorney, filed a declaration in support Defendant's Motion. ECF No. 12.

[3] This amount appears on Plaintiff's Form 4340 for 2000 as two advance payments of $249,999.26 and $28,338.82.

2

paid towards his 2001 taxes; in 2008 the remainder of $179,227 was transferred to an excess collection account. See Forms 4340 for 1999, 2000, 2001; Mem. in Supp. of Def.'s Mot. at 2 n.1.

In 2007 and 2008, Plaintiff finally filed his tax returns for 1999, 2000, and 2001. His 1999 taxes were $127,473, his 2000 taxes were $238,328, and his 2001 taxes were $231,042. See Forms 4340 for 1999, 2000, 2001; Mem. in Supp. of Def.'s Mot. at 3. Plaintiff filed a tax return for the 1999 tax year on August 6, 2007, see Form 4340 for 1999; Stamm Decl. Ex. 5(a) ("First Form 1040 for 1999"), and he filed a second tax return for 1999 on December 5, 2007, see Stamm Decl. Ex. 5(b)("Second Form 1040 for 1999"). In this action, Plaintiff seeks to recover the unapplied portion of the cash bond, and he seeks a refund of overpayments from 1999 and 2000. Compl. ¶ 1.

## III. LEGAL STANDARD

Summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact is one that could reasonably be resolved, based on the factual record, in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

///
///
///

## IV. DISCUSSION

### A. Statutory Framework

Tax overpayments can be credited against the estimated income tax for a subsequent taxable year. See 26 U.S.C. § 6402(b). Section 6511 of Title 26 of the United States Code contains two separate and distinct hurdles that a taxpayer must overcome in order to claim a credit or tax refund. First, the claim must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Second, if the taxpayer has timely filed a claim, then the amount of the refund is limited by section 6511(b), which provides, in relevant part, that:

> [T]he amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2).

Section 6513(b)(2) provides:

> For purposes of section 6511 . . . Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).

26 U.S.C. § 6513(b)(2).

Section 6513(d) states:

> If any overpayment of income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the

4

> succeeding taxable year (whether or not claimed as a credit in the return of estimated tax for such succeeding taxable year), and no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.

26 U.S.C. § 6513(d).

### B. Undisputed Facts

Plaintiff filed a tax return for the 1999 tax year on August 6, 2007, see Form 4340 for 1999, and he filed a second tax return for 1999 on December 5, 2007, see Second Form 1040 for 1999. He filed his tax return for the 2000 tax year on May 22, 2008. See Form 4340 for 2000; Stamm Decl. Ex. 6 ("Form 1040 for 2000"). On December 12, 2008, Plaintiff filed claims for refunds for the 1999, 2000, and 2001 tax years. Stamm Decl. Exs. 8 ("Form 1040X for 1999"), 9 ("Form 1040X for 2000"), 10 ("Form 1040X for 2001"). On April 23, 2009, Plaintiff's attorney sent a letter to the IRS concerning his refund claims. Ham Decl. Ex. G ("Apr. 23, 2009 Letter").

The United States admits it has no basis to withhold from Plaintiff the unapplied amount of the cash bond, $179,277. Ham Decl. Ex. D ("United States Resp. to Pl.'s Second Set of RFAs") Resp. No. 3.[4] The United States also admits that applying the cash bond to pay for Plaintiff's 1999 and 2000 taxes resulted in overpayments of $75,852 for 1999 and $357,118 for 2000. Id. Resp. Nos. 2, 4.

### C. Contested Issue

The only contested issue concerns Plaintiff's attempt to

---

[4] Paul Ham ("Ham"), attorney for Plaintiff, filed a declaration in support of Plaintiff's Motion. ECF No. 16.

5

1  transfer $117,527 as an estimated tax credit from his 1999 tax year
2  to his 2000 tax year.  Plaintiff contends he is entitled to recover
3  this overpayment; Defendant contends he is not.
4      On Plaintiff's second tax return for 1999, dated November 20,
5  2007 and filed on December 5, 2007, he states that his tax
6  liability is $127,473 and his total tax payments are $245,000, and
7  he requests that the overpayment of $117,527 be credited towards
8  his year 2000 taxes.  See Second Form 1040 for 1999.  On
9  Plaintiff's year 2000 tax return, dated April 4, 2008 and filed on
10 May 22, 2008, he includes $117,527 in estimated tax payments from
11 the previous year.  See Form 1040 for 2000.
12     According to the United States, Plaintiff's claim for a refund
13 of the estimated tax payment of $117,527 is time-barred.  Def.'s
14 Mot. at 2.  The United States relies on section 6513(b)(2) to argue
15 that his estimated tax payment was "deemed paid" on April 15, 2000.
16 Id. at 6.  This argument makes no sense.  If the $117,527 was an
17 estimated tax payment for Reynoso's 2000 tax year, then it was
18 deemed paid on April 15, 2001, the last day prescribed for filing a
19 year 2000 tax return.  See 26 U.S.C. §§ 6513(d) ("If any
20 overpayment of income tax is . . . claimed as a credit against
21 estimated tax for the succeeding taxable year, such amount shall be
22 considered as a payment of the income tax for the succeeding
23 taxable year . . . ."), 6513(b)(2) ("Any amount paid as estimated
24 income tax for any taxable year shall be deemed to have been paid
25 on the last day prescribed for filing the return . . . for such
26 taxable year . . . ."); Baral v. United States, 528 U.S. 431, 435-
27 36 ("the $1,100 remitted as an estimated income tax in respect of
28 Baral's 1988 tax liability was likewise 'paid' on April 15, 1989.")

6

It is clear to the Court, however, that the IRS did not have the authority to act on Reynoso's request -- made in December 2007 in his second 1999 Form 1040 -- to transfer $117,527 as an estimated tax credit from his 1999 tax year to his 2000 tax year. As stated by the District Court for the Southern District of New York:

> [A]n overpayment may not be credited against estimated tax for the following year and be deemed to have been paid in the following year for the purpose of the statute of limitations unless the claim for credit itself is asserted within the statutory period. Section 6511(b)(2)(A) provides that a claim for credit for an overpayment of tax may not be asserted for an overpayment which was paid more than 3 years prior to the claim . . . Any other result would lead to a complete emasculation of the statute of limitations.

Chemical Bank New York Trust Co. v. United States, 275 F. Supp. 26, 31 (S.D.N.Y. 1967).

The Court agrees with this analysis. Plaintiff's 1999 tax liability was $127,473. See Form 4340 for 1999. Although Plaintiff did not file a timely tax return, he paid $25,000 on April 21, 1999, and $220,000 on April 15, 2000, toward his 1999 taxes. See id. On his 1999 tax return, dated November 20, 2007 and filed on December 5, 2007, Plaintiff claims an overpayment of $117,527, and he seeks to have this amount credited towards his year 2000 taxes. See Second Reynoso Form 1040 for 1999. This tax return constitutes Reynoso's claim for credit. "In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return." 26 C.F.R. § 301.6402-3. Therefore, Plaintiff filed the claim for credit more than seven years after making the

7

overpayment, and, as such, the claim for credit is clearly untimely under section 6511.

This case is similar to Burr v. Commissioner of Internal Revenue, where the United States Tax Court determined that the IRS did not have the authority to award an overpayment credit. 2002 WL 459233, at *3, T.C. Memo. 2002-69 (U.S. Tax Ct. Mar. 25, 2002). In Burr, the IRS received the taxpayer's 1994 tax return in July 1999. Id. On this return, the taxpayer claimed an overpayment and sought to have it credited towards his 1995 taxes. Id. The Tax Court determined that the claim for a credit was untimely because it was filed outside the two-year period provided under section 6511. Id. Accordingly, the IRS did not have authority to award a credit against the taxpayer's estimated taxes for 1995. Id.; see also Stephenson v. Comm'r of Internal Revenue, 1995 WL 27093, at *3, T.C. Memo. 1995-33 (U.S. Tax Ct. Jan. 25, 1995) ("An overpayment may not be credited against estimated tax for a subsequent taxable year, unless the claim for credit itself was filed within the statutory period set forth in section 6511.").

As Plaintiff points out, the IRS acted on his request and transferred $117,527 from his 1999 tax year to his 2000 tax year sometime between February 6, 2009 and April 6, 2009. See Pl.'s Mot. at 8; Pl.'s Opp'n at 3-4; United States Resp. to Pl.'s Second Set of RFAs, Resp. No. 11. Plaintiff concedes that recovery would be barred by section 6511 if the transfer never occurred. See Pl.'s Opp'n at 4 ("To the extent the government argues that recover would be barred by Section 6511 if the transfer never occurred, Plaintiff agrees. But the government did make the transfer and it did occur sometime between February 6, 2009 and April 6,

8

2009.")(emphasis in orginal).

The fact that the IRS mistakenly made a transfer of $117,527 in 2009 does not alter the Court's analysis. The IRS concedes that this transfer was a mistake. Second Ham Decl. Ex. A ("Prodromos Dep.") at 51:1-52:14.[5] The IRS had no authority to make the transfer because the claim for credit was untimely. Plaintiff seeks to capitalize on this mistake. He argues that his 2009 claim for a refund of the $117,527 is timely because the IRS applied this credit to his year 2000 taxes sometime between February 6, 2009 and April 6, 2009. Pl.'s Mot. at 8. However, the relevant claim is not Reynoso's 2009 claim for a refund, but rather his 2007 claim for a credit. In 2007, Reynoso finally filed his tax return for 1999, and on this return he sought to have an overpayment of $117,527 applied towards his year 2000 taxes. This claim for credit was time-barred, and hence the IRS did not have the authority to make the transfer. The IRS's mistake does not create an equitable exception to the strict time limits of section 6511. See United States v. Brockamp, 519 U.S. 347, 352 (1997) ("Congress did not intend courts to read . . . unmentioned, open-ended, 'equitable' exceptions into . . . [section 6511]").

The Court finds that Plaintiff's 2007 claim for a credit was untimely. "Section 6511 has as its purpose foreclosing untimely claims." Miller v. United States, 38 F.3d 473, 475 (9th Cir. 1994). As such, Plaintiff is barred from recovering $117,527 of his overpayment.

---

[5] Ham filed a second declaration in support of Plaintiff's Opposition to Defendant's Motion. ECF No. 20-1.

9

**V.  CONCLUSION**

For the reasons explained above, the Court GRANTS Defendant United States of America's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.  Rounding out the figures to the nearest dollar, Plaintiff should recover $75,852 for his 1999 tax overpayments, $239,591 for his 2000 tax overpayments, and $179,227 for the unapplied portion of the cash bond.  In total, therefore, Plaintiff should recover $494,670.  The Court VACATES the Pretrial Conference set for January 7, 2011, and the bench trial scheduled to begin on January 10, 2011.

According to Plaintiff, he is entitled to interest on his recovery.  Pl.'s Mot. at 9.  Neither party discusses the applicable interest rate.  The Court ORDERS the parties to meet and confer regarding how much interest Plaintiff should recover, if any. Within ten (10) days of this Order, the parties should file a stipulation regarding the applicable amount of interest, or if they cannot agree, separate declarations addressing the applicable amount of interest and explaining the basis of the calculation. Once this issue has been resolved, the Court will enter a judgment awarding Plaintiff Jose Reynoso $494,670, plus any applicable interest.

IT IS SO ORDERED.

Dated:   December 21, 2010                 _____
                                           UNITED STATES DISTRICT JUDGE

10